ELLIS, Judge.
Plaintiffs herein are owners of parcels of land abutting Sunset Boulevard in Baton Rouge. They bring this suit against the Parish of East Baton Rouge to have declared invalid assessments levied against their various properties for the paving of Sunset Boulevard. From a judgment declaring the assessments invalid, the Parish has appealed.
The paving project was carried out under the provisions of R.S. 33:3301 et seq., and covers a number of streets in University Acres Subdivision. All of the streets in the subdivision as improved are 23 feet wide from curb to curb, except Sunset, which has two 22 foot roadways divided by a 30 foot neutral ground.
The notices of intention, and the resolutions ordering the paving in University Acres, were done for each street separately; that is, nine separate notices were published and nine separate resolutions were adopted. However, when bids were asked, all of the streets were combined into one project with nine different sections, one of which consisted of the divided portions of Sunset.
The bids received for the project were itemized by sections so that the cost of paving and drainage for each section was ascertainable. After receipt of the final engineering report on the project, the Parish Council determined its participation in the project, and assessed the properties abutting on the divided portions of Sunset Boulevard at $11.00 per front foot. Properties fronting on the other, single streets, were assessed at the rate of $6.00 per front foot. It was determined by the Council that these properties had benefitted no less than the amount of their respective assessments as a result of the paving project. It is- clear that the assessments levied were determined substantially on the basis of the actual cost of paving each street, and that the assessments on Sunset were larger because it is a divided double street.
*727 Plaintiffs claim that the method used in computing their assessments is in violation of the following provisions of R.S. 33:3306, which states in part:
“C. After thirty days has elapsed from the date of the mailing of said notice of the proposed assessments, the governing authority shall adopt an ordinance levying a local or special assessment on each lot or parcel of real estate abutting the street, road, sidewalk, or alley to be improved, including such lots or parcels of real estate as may be located wholly or partly outside of the municipal limits or boundaries, in proportion that its frontage bears to all the abutting lots or parcels of real estate to be improved in accordance with the contract awarded or in accord with the cost of improvements, when undertaken by the municipality. The total of all such local or special assessments shall represent the total cost of the improvement, including street intersections, engineer’s and attorney’s fees, and all other costs incidental to the work, after deduction therefrom of the amount of participation, if any, made by the municipality as hereinafter provided in R.S. 33:3318.”
The total cost of the University Acres project was $1,065,303.87, and the Parish participated in the project to the extent of $834,586.62, leaving $230,717.25 to be assessed to the property owners. The total front footage assessed in the entire project was 38,802.71.
Plaintiffs contend that under the language of R.S. 33:3306, above quoted, each property owner should be assessed an amount per front foot derived from dividing $230,717.25 by 38,802.71, or $5.94. They argue that, since the provisions of the law were not strictly followed, the ordinance is invalid as to them.
The Parish argues that, since the contract itself is broken down into a detailed explanation of the costs applicable to each street in the contract, it should not be considered as a lump sum contract, but rather one in which the cost for each unit of work is separately itemized. It is further argued that to follow the method of assessment argued for by plaintiffs would result in an unfair advantage to the property owners on the boulevard, who would bear proportionately less of the cost of the improvement in front of their property while realizing a greater benefit therefrom.
Article 13 of the Civil Code provides: “When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.”
As we read R.S. 33:3306, supra, it is clear that it is susceptible of only one interpretation if the words thereof are given their “usual signification” as required by Article 14 of the Civil Code. We find that the total assessment to be made must be prorated among all of the properties which benefit from the contract, and not on a street by street basis.
We recognize that the assessment as originally made by the Parish is certainly fairer to the property owners, and in line with the benefits received by them. However, we can sustain the validity of the assessment only by ignoring the clear and specific language of the statute.
The judgment appealed from is therefore affirmed. The Parish shall pay all costs for which it may be liable under the law.
AFFIRMED.